■ In the Matter of CALI L., Alleged to be a Neglected Child. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRITTNY MM., Appellant. [876 NYS2d 557]—

Stein, J. Appeal from a modified order of the Family Court of Columbia County (Nichols, J.), entered November 21, 2007, which, in a proceeding pursuant to Family Ct Act article 10, directed the temporary removal of the subject child and placed her in the custody of petitioner.

After respondent (born in 1989) gave birth to Cali L. (born in 2007), she and Cali resided with respondent's father, who was granted temporary custody of Cali in June 2007. Although Cali continued to reside with respondent's father, respondent did not.[1] Respondent's father then sought to become Cali's guardian, but, at an October 2007 hearing, voluntarily withdrew his guardianship petition. When Family Court inquired into where Cali might be placed, respondent offered no alternatives to the suggestion that Cali be placed in the care of petitioner. Cali's Law Guardian, noting that respondent had lost her job and had been "away without leave" from her foster home, objected to placement of Cali with respondent. After considering respondent's history of troubled and rebellious behavior (see generally Matter of Brittny MM., 51 AD3d 1303 [2008], appeal dismissed 11 NY3d 780 [2008], lv denied 11 NY3d 713 [2008]), her current circumstances and the lack of a suitable relative in whose custody Cali might be placed, the court, in October 2007, issued a temporary order placing Cali in the custody of petitioner, "without prejudice to any application" by respondent, Cali's father or the Law Guardian. Neither respondent nor her attorney voiced any objection to the order at that time.

Within days of the October 2007 order, respondent moved by order to show cause to, among other things, vacate the temporary removal order and petitioner commenced this proceeding alleging that respondent had neglected Cali. Upon entertaining the order to show cause, Family Court denied the relief sought. Respondent then declined the court's offer to deem the proceeding an application for Cali's return pursuant to Family Ct Act § 1028, indicating that she was not seeking a return of the child, but merely wished to enter into a voluntary placement agreement. Thereafter, Family Court entered a modi-

---

1. Respondent was herself in petitioner's custody and was placed in foster care at various times.

fied order[2] continuing the temporary removal of Cali and her placement in the custody of petitioner. In January 2008, petitioner filed an amended neglect petition against respondent. After a fact-finding hearing on that petition, Family Court— noting, among other things, that respondent had completed parenting classes—found that petitioner had not sustained its burden of proof, dismissed the amended petition and returned Cali to respondent. Despite having ultimately prevailed in obtaining custody of Cali, respondent now appeals from the court's November 2007 modified order directing temporary removal.

Initially, we note that, although respondent did not explicitly consent to either temporary removal order, the record clearly reflects that she neither objected to Cali's placement nor requested at any time that Cali be returned to her custody pending a determination of the neglect petition. Thus, any challenge to the modified order was waived. However, even if respondent had made such an objection, the entry of a permanent order of disposition rendered moot any appeal of the modified temporary removal order (*see Matter of Pecore v Pecore*, 34 AD3d 1100, 1102 [2006]; *Matter of Joseph DD.*, 300 AD2d 760, 765 [2002], *lv denied* 100 NY2d 504 [2003]; *Matter of Joyce SS.*, 245 AD2d 962, 962 [1997]). Moreover, inasmuch as a temporary order is not a finding of wrongdoing, the exception to the mootness doctrine does not apply (*see Matter of Senator NN.*, 305 AD2d 819, 820 [2003]). Any aspersion cast upon respondent's parenting abilities by the temporary removal of her child would be mitigated, if not eliminated, by Family Court's ultimate finding that there was insufficient evidence to support the neglect petition.

Finally, since respondent did not appeal Family Court's order remanding her to the custody of the Columbia County Sheriff prior to the neglect hearing pursuant to Family Ct Act §§ 153 and 155-a, this issue is not properly before us (*see* CPLR 5513, 5515; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]).

Cardona, P.J., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

**2.** The only substantive difference between the November 2007 modified order directing temporary removal and the October 2007 order was the reference to who had made the application for temporary removal.