■ In the Matter of GABRIELLA UU. and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KELLY VV., Appellant, et al., Respondent. [920 NYS2d 746]—

---

Peters, J.P. Appeals (1) from two orders of the Family Court of Otsego County (Burns, J.), entered April 7, 2010 and April 21, 2010, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion for temporary removal of the subject children from respondents' home, and (2) from an order of said court, entered June 30, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondents Kelly VV. (hereinafter the mother) and Elvis VV. are the parents of three children, Dominique VV., Valeria UU. and Holdyn UU. (born in 2005, 2006 and 2007, respectively). The mother also has a child, Gabriella UU. (born in 2003), from another relationship. In June 2008, Otsego County Family Court found respondents to have neglected the four children and placed respondents under petitioner's supervision for one year, which supervision was subsequently extended until December 2009. In April 2010, petitioner commenced this neglect proceeding against respondents, who were then residing in Delaware County. Following a Family Ct Act § 1027 hearing, during the course of which Family Court denied the mother's motion to transfer the proceeding to Delaware County, the children were temporarily removed from respondents' custody and placed in foster care pending the disposition of the neglect proceeding. After a fact-finding hearing, Family Court made a finding of neglect against the mother and continued the children's placement in foster care. These appeals by the mother ensued.

Initially, inasmuch as the temporary removal orders were superceded by the final order of fact-finding and disposition, the mother's appeals from the temporary orders are moot (*see Matter of Shalyse WW.*, 63 AD3d 1193, 1196-1197 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Angelique L.*, 42 AD3d 569, 570-571 [2007]; *Matter of Joseph DD.*, 300 AD2d 760, 764-765 [2002], *lv denied* 100 NY2d 504 [2003]; *Matter of Joyce SS.*, 245 AD2d 962, 962 [1997]). Turning to the appeal from the adjudication of neglect, we agree with the mother and the attorney for the children that Family Court erred in failing to transfer the proceeding to Delaware County. Family Ct Act § 1015 (a) provides that a neglect proceeding "may be originated in the county in which the child resides or is domiciled at the time of the filing of the petition or in the county in which the person having custody of the child resides or is domiciled." Here, it is undisputed that the mother, Elvis VV. and the children were all residents of Delaware County at the time the April 2010 neglect petition was filed. As such, Otsego County was not the proper venue for this

proceeding and Family Court was required to transfer it to Delaware County, where the proceeding could have been originated (*see* Family Ct Act § 174; *Matter of Cruz v Cruz*, 48 AD3d 804, 805 [2008], *lv denied* 10 NY3d 712 [2008]). Having failed to do so, the order of fact-finding and disposition must be reversed and the proceeding transferred to the Family Court of Delaware County. Placement of the children in foster care shall continue temporarily pending further proceedings by that court.

Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the appeals from the orders entered April 7, 2010 and April 21, 2010 are dismissed, as moot, without costs. Ordered that the order entered June 30, 2010 is reversed, on the law, without costs, proceeding transferred from the Family Court of Otsego County to the Family Court of Delaware County and, pending further proceedings, placement of the children in foster care shall continue temporarily.