■ In the Matter of BRANDON WW. and Another, Children Alleged to be Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLEY WW., Appellant. [982 NYS2d 924]—

Egan Jr., J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered January 14, 2013, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion to continue the temporary removal of the subject children from respondent's custody.

Petitioner commenced this proceeding in December 2012 alleging that respondent's children, Brandon (born in 2002) and April (born in 2009), were neglected—specifically, that respondent allowed both children to reside with a risk level three sex offender and that April had been sexually abused. In conjunction therewith, the children were removed from respondent's care pursuant to Family Ct Act § 1024. Following a hearing,

petitioner's application to continue the removal of respondent's children was granted (*see* Family Ct Act § 1027), and respondent appealed.[1]

During the pendency of this appeal, a fact-finding hearing was held on the underlying neglect petition and, by order entered January 10, 2014, Family Court adjudicated the subject children to be neglected, finding, among other things, that April was sexually abused and that respondent permitted April and Brandon "to be in the company of known registered sex offenders."[2] In light of such adjudication, we deem respondent's appeal from the temporary order of removal to be moot (*see Matter of Mary YY. [Albert YY.]*, 98 AD3d 1198, 1198 [2012]; *cf. Matter of Gabriella UU. [Kelly VV.]*, 83 AD3d 1306, 1307 [2011]; *Matter of Shalyse WW.*, 63 AD3d 1193, 1196-1197 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of John S.*, 26 AD3d 870, 870 [2006])[3]—notwithstanding the fact that a final order of disposition has yet to be rendered (*see generally* Family Ct Act § 1051 [a], [d]). Further, "inasmuch as a temporary order [of removal] is not a finding of wrongdoing, the exception to the mootness doctrine does not apply" (*Matter of Cali L.*, 61 AD3d 1131, 1133 [2009]; *see Matter of Angel C. [Lynn H.]*, 103 AD3d 1246, 1247 [2013]; *Matter of Skyler R. [Kristy R.]*, 85 AD3d 1238, 1238 [2011]).

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

**1.** The children's placement with respondent thereafter was extended twice—most recently following a permanency hearing held in November 2013—based upon, among other things, respondent's ongoing refusal to acknowledge that April may have been sexually abused.

**2.** A dispositional hearing was scheduled for March 31, 2014.

**3.** Unfortunately, counsel for respondent did not request a preference in the hearing of this matter (*see* CPLR 5521 [a]), which would have afforded this Court the opportunity to entertain the appeal prior to the completion of the fact-finding hearing.