*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015          519682
_____

In the Matter of KARRIE-ANN
    ZZ., Alleged to be a
    Neglected Child.

ATTORNEY FOR THE CHILD,                    MEMORANDUM AND ORDER
                    Respondent;

TAMMY ZZ.,
                    Appellant.
_____

Calendar Date:  September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____


        Robert Linville, Public Defender, Hudson (Jessica Howser of
counsel), for appellant.

        Michelle Rosien, Philmont, attorney for the child,
respondent.


                    _____


Rose, J.

        Appeal from an order of the Family Court of Columbia County
(Nichols, J.), entered August 12, 2014, which, in a proceeding
pursuant to Family Ct Act article 10, denied respondent's request
for return of the child.

        Respondent is the mother of a daughter born in 1999.  In
November 2013, the child contacted police and reported that
respondent's live-in boyfriend, a convicted sex offender, had
inappropriately touched her.  Although respondent was aware of
the child's allegations, she continued to allow the boyfriend to
live with her and the child for four days until he admitted to

police that he had subjected the child to sexual contact.  The boyfriend was arrested, arraigned and remanded to jail, but respondent posted bail for him the following day.  Petitioner, the attorney for the child, then made an emergency request to have the child temporarily removed from respondent's home.  Pursuant to Family Ct Act § 1022, the court granted petitioner's request, ordered the child placed with her maternal aunt and further directed petitioner to file a neglect petition against respondent (see Family Ct Act § 1032 [b]).  Petitioner did so and, thereafter, respondent requested the return of the child.  After a hearing pursuant to Family Ct Act § 1028, Family Court denied her request and continued the child's temporary removal.  Respondent now appeals the temporary order.

During the pendency of this appeal, the aunt filed a petition seeking guardianship over the child.  Family Court then held a combined hearing on the aunt's petition and petitioner's underlying neglect petition and entered a dispositional order in January 2015 adjudicating the child to be neglected and appointing the aunt as the child's guardian.  Inasmuch as the temporary removal order has been superceded by a final order of fact-finding and disposition, respondent's appeal from the temporary order is moot (see Matter of Mary YY. [Albert YY.], 98 AD3d 1198, 1198 [2012]; Matter of Gabriella UU. [Kelly VV.], 83 AD3d 1306, 1307 [2011]; Matter of Kiearah P., 46 AD3d 958, 959 [2007]).  "Further, 'inasmuch as a temporary order [of removal] is not a finding of wrongdoing, the exception to the mootness doctrine does not apply'" (Matter of Brandon WW. [Kimberley WW.], 116 AD3d 1108, 1109 [2014], quoting Matter of Cali L., 61 AD3d 1131, 1133 [2009]).

Peters, P.J., McCarthy and Garry, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.


ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court