*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017          521641
_____

In the Matter of MAKAYLEIGH A.,
    Alleged to be a Neglected
    Child.

FRANKLIN COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                          MEMORANDUM AND ORDER
                    Respondent;

MIRANDA A.,
                    Appellant.
_____

Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____

        Todd G. Monahan, Schenectady, for appellant.

        David E. LaPlant, Franklin County Department of Social
Services, Malone, for respondent.

        D. Alan Wrigley, Cambridge, attorney for the child.

_____

Garry, J.

        Appeal from an order of the Family Court of Franklin County
(Champagne, J.), entered August 12, 2015, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 10, for continued temporary placement of the subject
child.

        Respondent is the mother of a daughter (born in 2015).
Respondent was 18 years old at the time of the child's birth and
has cognitive limitations.  Four days after the child's birth,

petitioner conducted the emergency removal of the child from respondent's care pursuant to Family Ct Act § 1024 after having received a report of suspected child abuse or maltreatment from the State Central Registry. Thereafter, petitioner filed a neglect petition based on, among other things, respondent's unwillingness to properly support the child's head, hold the child, and clean and feed the child, despite having been instructed how to do so and despite being under the supervision of the maternal grandmother. Following a fact-finding hearing pursuant to Family Ct Act § 1027, Family Court held, among other things, that emergency removal was proper and granted petitioner's application for the continued temporary removal of the child.[1] The court declined to immediately place the child with the maternal aunt, but directed petitioner to investigate her as a possible placement resource. Respondent appeals from this temporary order.

We note that Family Court has since issued an order of fact-finding, entered in November 2015, which adjudged the child neglected, upon respondent's consent, based upon the allegations in the petition, pursuant to Family Ct Act § 1012. A subsequent dispositional order, entered in July 2016, placed the child with the maternal aunt. As this appeal from the temporary order has been rendered moot by Family Court's subsequent finding of neglect upon consent and the placement of the child, it must be dismissed (see Matter of Jadalynn HH. (Roy HH.), 135 AD3d 1089, 1089 [2016]; Matter of Karrie-Ann ZZ. (Tammy ZZ.), 132 AD3d 1180, 1181 [2015]; Matter of Mary YY. (Albert YY.), 98 AD3d 1198, 1198 [2012]). The exception to the mootness doctrine does not apply, as a temporary order of removal does not constitute a finding of wrongdoing (see Matter of Karrie-Ann ZZ. (Tammy ZZ.), 132 AD3d at 1181).

McCarthy, J.P., Rose, Mulvey and Aarons, JJ., concur.

_____

[1] Family Court granted the motion of the maternal grandmother and her husband to intervene as interested parties and appointed them counsel, who appeared and stated their position on the record (see Family Ct Act § 1035 [f]).

ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court