Matter of Tyrell FF. (Jaquasisa GG.) (2018 NY Slip Op 07985)





Matter of Tyrell FF. (Jaquasisa GG.)


2018 NY Slip Op 07985


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

524209

[*1]In the Matter of TYRELL FF., Alleged to be a Neglected Child. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAQUASISA GG., Appellant.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Karen R. Crandall, Glenville, for appellant.
Michael R. Godlewski, Schenectady County Department of Social Services, Schenectady, for respondent.
Mark J. Gaylord, Schenectady, attorney for the child.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Schenectady County (Polk, J.), entered November 23, 2016, which, in a proceeding pursuant to Family Ct Act article 10, temporarily removed the subject child from respondent's custody.
Respondent is the mother of the subject child (born in 2015). In July 2016, shortly before the filing of a neglect petition against respondent, Family Court issued temporary orders of supervision and protection upon her consent. By November 2016, petitioner believed that the terms of those orders had been repeatedly violated. Petitioner soon filed a violation petition but, before doing so, asked that Family Court temporarily remove the child from respondent's care (see Family Ct Act §§ 1022 [a] [i]; 1023). Family Court did so and embarked upon a fact-finding hearing (see Family Ct Act §§ 1022 [b]; 1027), during which it rejected respondent's offer to consent to the continued removal without also admitting that the removal was "necessary to avoid imminent risk to the child's life or health" (Family Ct Act §§ 1022 [a] [iii]; 1027 [b] [i]). [*2]Family Court made such a finding at the conclusion of the hearing and issued an order continuing the temporary removal. Respondent now appeals.[FN1]
Following the issuance of the appealed-from order, respondent agreed to a resolution in which the violation petition was withdrawn, the neglect petition was adjourned in contemplation of dismissal and the child returned to respondent's care. Contrary to her contention, these developments rendered her appeal moot (see Matter of Eyon X. [Ashley W.], 163 AD3d 1145, 1146 [2018]; Matter of Gaige F. [Carolyn F.], 144 AD3d 1575, 1576 [2016]; Matter of Skyler R. [Kristy R.], 85 AD3d 1238, 1239 [2011]). She further argues that this case presents an issue that is "likely to recur, typically evades review, and raises a substantial and novel question" so as to fall within the exception to the mootness doctrine, pointing to Family Court's refusal to allow her to waive the removal hearing and consent to the continued removal absent an admission of imminent risk (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Appeals from temporary removal orders are often rendered moot when the petition is disposed of before an appeal on the temporary order is decided (see e.g. Matter of Nevaeh A. [Shannon D.], 144 AD3d 1431, 1431-1432 [2016]; Matter of Karrie-Ann ZZ. [Tammy ZZ.], 132 AD3d 1180, 1181 [2015]), but issues arising from such orders need not evade review considering the preference available for appeals from orders issued under Family Ct Act article 10 (see CPLR 5521 [b]; Matter of Brenden O., 13 AD3d 779, 780 [2004]). More importantly, the law is clear that any order of temporary removal must include a finding that removal "is necessary to avoid imminent risk to the child's life or health" (Family Ct Act § 1022 [a] [iii]; see Family Ct Act §§ 1022 [a] [vi]; 1027 [b] [i], [ii]; Nicholson v Scoppetta, 3 NY3d 357, 380 [2004]; Matter of Austin M. [Dale M.], 97 AD3d 1168, 1169 [2012]; compare Family Ct Act § 1021 [temporary removal permissible upon written consent in anticipation of a prompt Family Ct Act § 1027 hearing]). The contention that this requirement can be waived at respondent's convenience is not "sufficiently substantial to warrant [invoking] the exception to the mootness doctrine" (Matter of Michael A. [Patricia A.], 79 AD3d 1230, 1231 [2010]; see Matter of Eyon X. [Ashley W.], 163 AD3d at 1146). The appeal is therefore dismissed.
McCarthy and Egan Jr., JJ., concur.




Lynch, J. (dissenting).


We respectfully dissent. While we agree with the majority that this appeal is moot, we find that the exception to the mootness doctrine applies. The substantive issue presented is whether a respondent in a proceeding under Family Ct Act article 10, part 2 may consent to the temporary removal of his or her child. The record shows that Family Court interpreted both Family Court §§ 1022 and 1027 as requiring the court to make a factual finding that a child is in imminent danger before issuing a temporary removal order. That is certainly the case in a contested proceeding (see Nicholson v Scoppetta, 3 NY3d 357, 375-382 [2004]). The distinct question here, however, is whether a parent may consent to the temporary removal, obviating the need for either an admission of wrongdoing or a hearing eliciting facts of imminent risk as [*3]required by Family Court. Given the court's position, it is evident that the issue will readily recur in proceedings before that court. Moreover, appeals from temporary removal orders are routinely found to be moot because a disposition is reached before an appeal is decided (see e.g. Matter of Nevaeh A. [Shannon D.], 144 AD3d 1431, 1431-1432 [2016]; Matter of Karrie-Ann ZZ. [Tammy ZZ.], 132 AD3d 1180, 1181 [2015]). Because the procedures surrounding the removal of children from their parents are manifestly of public importance, we consider the consent issue important to resolve. It also appears to be novel. As such, we are persuaded that the exception to the mootness doctrine should be applied (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 201 [2017]; compare Matter of Eyon X. [Ashley W.], 163 AD3d 1145, 1146 [2018]).
Although the parties and Family Court referred to the November 4, 2016 proceeding as a prepetition hearing under Family Ct Act § 1022, the record actually shows that a neglect petition was filed on August 1, 2016, making this a postpetition removal proceeding under Family Ct Act § 1027 (see Nicholson v Scoppetta, 3 NY3d at 375). "Upon such a hearing, if the court finds that removal is necessary to avoid imminent risk to the child's life or health, it is required to remove or continue the removal" (id. at 376-377). The same standard governs a prepetition hearing under Family Ct Act § 1022 (id. at 379-380). That said, the ability of a parent to consent to a temporary removal presents a different question. The statute allows for the temporary removal of a child without a court order provided a parent gives written consent (see Family Ct Act § 1021). Before the filing of an abuse or neglect petition, Family Court may also direct the temporary removal of a child under Family Ct Act § 1022, where, notably, the parent refuses to consent to a temporary removal (see Family Ct Act § 1022 [a] [i]). As observed by the Court of Appeals, "the sections of part 2 of article 10 create a continuum of consent and urgency and mandate a hierarchy of required review before a child is removed from home" (Nicholson v Scoppetta, 3 NY3d at 375 [internal quotations marks and citation omitted]). In other words, the process allows a parent to consent to the temporary removal of a child at any stage of these proceedings, including a hearing under Family Ct Act § 1027. Correspondingly, "we have repeatedly held that a temporary order of removal is not a finding of wrongdoing" (Matter of Nevaeh A. [Shannon D.], 144 AD3d at 1431). Implicit in the parental consent is a recognition that a temporary removal is necessary to protect the child from harm and required in the best interests of the child. Here, respondent endeavored to consent to the temporary removal of the child and even acknowledged that the police were called to her home 11 times since the order of protection was issued in July 2016. In our view, with the consent, Family Court was authorized to issue an order of temporary removal. Thus, no further admissions or a hearing was required.
Garry, P.J., concurs.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The notice of appeal purports to appeal from Family Court's bench decision rather than, as required, the ensuing written order, but we exercise our discretion to deem the appeal as having been taken from the latter (see CPLR 5520 [c]; Matter of Angela F. v Gail WW., 146 AD3d 1248, 1250 n 2 [2017]).