Matter of Renezmae X. (Kimberly X.--Chad W.) (2018 NY Slip Op 07992)





Matter of Renezmae X. (Kimberly X.--Chad W.)


2018 NY Slip Op 07992


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

525869

[*1]In the Matter of RENEZMAE X., Alleged to be a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY X., Respondent, and CHAD W., Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Lisa K. Miller, McGraw, for appellant.
Thomas P. Coulson, Broome County Department of Social Services, Binghamton, for Broome County Department of Social Services, respondent.
David M. Brown, Binghamton, attorney for the child.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered October 6, 2017, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent Chad W.'s motion for return of the subject child.
Respondent Chad W. (hereinafter the father) and respondent Kimberly X. (hereinafter the mother) are the unmarried parents of a daughter (born in 2016). Eight days after her birth, the child was temporarily removed from respondents' care and placed in petitioner's custody pending a hearing (see Family Ct Act § 1022). Soon thereafter, petitioner filed a petition against respondents seeking an adjudication of neglect with respect to the child. In September 2017, the [*2]father filed a motion for the return of the child [FN1]. Following a hearing pursuant to Family Ct Act § 1028, Family Court denied the motion and continued the child's temporary removal. The father now appeals.
During the pendency of this appeal, a fact-finding hearing was conducted on the underlying neglect petition and a dispositional order was entered adjudicating the child to be neglected and directing that the child be returned to the care and custody of the father under the supervision of petitioner. Accordingly, the rights of the parties will not be directly affected by a determination of the father's appeal, and the appeal is therefore moot (see Matter of Aiani YY. [Brittney ZZ.], 136 AD3d 1232, 1233 [2016]; Matter of Karrie-Ann ZZ. [Tammy ZZ.], 132 AD3d 1180, 1181 [2015]; Matter of Mary YY. [Albert YY.], 98 AD3d 1198, 1198 [2012]). As the exception to the mootness doctrine does not apply (see Matter of Eyon X. [Ashley W.], 163 AD3d 1145, 1146 [2018]; Matter of Karrie-Ann ZZ. [Tammy ZZ.], 132 AD3d at 1181), the appeal must be dismissed.
Lynch, J.P., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The mother separately applied to have the child returned to the home. Family Court denied the mother's motion and, upon appeal, this Court affirmed (Matter of Renezmae X. [Kimberly X.], 161 AD3d 1247, 1247 [2018], lv dismissed 31 NY3d 1140 [2018]).