Matter of Keith NN. (Chante LL.) (2020 NY Slip Op 02222)





Matter of Keith NN. (Chante LL.)


2020 NY Slip Op 02222


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528637

[*1]In the Matter of Keith NN. and Others, Alleged to be Neglected Children. Cortland County Department of Social Services, Respondent; Chante LL., Appellant. (And Another Related Proceeding.)

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Lisa K. Miller, McGraw, for appellant.
Cortland County Department of Social Services, Ithaca (Zela E. Brotherton of counsel), for respondent.
Fawn A. Ford, Cortland, attorney for the children.



Aarons, J.
Appeal from a corrected order of the Family Court of Cortland County (Alexander, J.), entered February 5, 2019, which, among other things, in a proceeding pursuant to Family Ct Act article 10, denied respondent's application for return of the subject children.
Respondent is the mother of seven children (born in 2009, 2012, 2013, 2014, 2016 and 2017). In October 2018, petitioner commenced a neglect proceeding and the children were temporarily removed from respondent's home. Respondent thereafter sought the return of the children under Family Ct Act § 1028. In a February 2019 corrected order, Family Court denied respondent's application for such relief. Respondent appeals.
This Court has been advised that, subsequent to the entry of the February 2019 corrected order, the mother consented to a finding of neglect without admission. Furthermore, Family Court issued orders in April and August 2019 modifying the placement of the children. In view of the foregoing, the mother's appeal is moot (see Matter of Mary YY. [Albert YY.], 98 AD3d 1198, 1198 [2012]; Matter of Kiearah P., 46 AD3d 958, 959 [2007]). Given that the exception to the mootness doctrine does not apply (see Matter of Karrie-Ann ZZ. [Tammy ZZ.], 132 AD3d 1180, 1181 [2015]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]), the appeal must be dismissed.
Clark, J.P., Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.