Matter of Bradley Q. (Elizabeth R.) (2021 NY Slip Op 01167)





Matter of Bradley Q. (Elizabeth R.)


2021 NY Slip Op 01167


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

528259

[*1]In the Matter of Bradley Q. and Another, Alleged to be Neglected Children. Schenectady County Department of Social Sevices, Respondent; Elizabeth R., Appellant.

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Christopher Gardner, County Attorney, Schenectady (Samantha H. Miller of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the children.



Pritzker, J.
Appeals (1) from an order of the Family Court of Schenectady County (Blanchfield, J.), entered December 13, 2018, which, in a proceeding pursuant to Family Ct Act article 10, temporarily removed the subject children from respondent's custody, and (2) from an order of said court, entered January 16, 2019, which granted petitioner's motion to compel discovery.
Respondent is the sole living parent of two sons (born 2006 and 2008). In November 2018, petitioner commenced this neglect proceeding alleging educational neglect. Petitioner primarily alleged that the older child was absent and late to school multiple times and was failing a majority of his classes, that the younger child also had multiple absences and that respondent had failed to comply with proper regulatory procedures for homeschooling the younger child. At an appearance in December 2018, petitioner sought to temporarily remove the subject children from respondent's custody and, following a removal hearing held that same day, Family Court granted that application and placed the subject children under the care of two relatives, Karl Q. and Kristen Q.
Petitioner then served discovery demands, seeking, among other things, all medical and psychiatric records for respondent and the subject children and a list of names and contact information for all physicians and mental health professionals who could testify about the underlying claims in the neglect petition. In turn, respondent contended that petitioner's discovery demands were barred by Family Ct Act § 1038 and, in any event, that the requested disclosures were confidential and privileged. Petitioner then moved to compel respondent to comply with the discovery demands. Respondent reiterated her opposition and added that petitioner's motion was premature because it had failed to make a good faith effort to resolve the dispute. Following oral argument, in January 2019, Family Court ordered respondent to comply with petitioner's discovery demands, finding that Family Ct Act § 1038 did not modify the mutuality of discovery as proscribed by CPLR 3101 or 3121. Respondent appeals from the December 2018 and January 2019 orders.[FN1]
During the pendency of the appeal, a fact-finding hearing was held on the underlying neglect petition and, by order entered September 6, 2019, Family Court adjudicated the subject children to be neglected, finding, among other things, that the subject children's extreme absenteeism has had a detrimental effect on their education.[FN2] Due to this adjudication, we deem respondent's appeal from the temporary order of removal to be moot, "notwithstanding the fact that a final order of disposition has yet to be rendered" (Matter of Brandon WW. [Kimberley WW.], 116 AD3d 1108, 1109 [2014]; see Matter of Jadalynn HH. [Roy HH.], 135 AD3d 1089, 1089 [2016]).[FN3] "Moreover, inasmuch as a temporary order is not a finding of wrongdoing, the exception to the mootness doctrine does not apply" (Matter of Cali L., 61 AD3d 1131, 1133[*2][2009] [citation omitted]; accord Matter of Brandon WW. [Kimberley WW.], 116 AD3d at 1109).
Respondent's appeal from the order granting petitioner's motion to compel discovery is also moot given that Family Court has already held a fact-finding hearing on the neglect petition; thus, the parties' rights will no longer be affected by an order from this Court (see Matter of Karlee JJ. [Jessica JJ.], 105 AD3d 1304, 1305 [2013]; Matter of Ameillia RR. [Megan SS.], 95 AD3d 1525, 1526 [2012]). Rather, the proper recourse would be for respondent to raise this issue on direct appeal from the eventual dispositional order (see e.g. Matter of Ameillia RR. [Megan SS.—Jered RR.], 112 AD3d 1083, 1083 n 1 [2013]).
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.



Footnotes

Footnote 1: Respondent moved for a stay pending appeal, which motion this Court denied (2019 NY Slip Op 62648[U]).

Footnote 2: Three permanency hearings have been held since the fact-finding order was entered and, at all three, the children's placement was continued.

Footnote 3: Respondent filed an appeal from the fact-finding order, but, due to respondent's failure to perfect it, the appeal was dismissed.