Matter of Journi PP. (Steffen PP.) (2021 NY Slip Op 03095)





Matter of Journi PP. (Steffen PP.)


2021 NY Slip Op 03095


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

531498
[*1]In the Matter of Journi PP., Alleged to be a Neglected Child. Sullivan County Department of Social Services, Respondent; Steffen PP., Appellant. (And Another Related Proceeding.)

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Michelle I. Rosien, Philmont, for appellant.
Sullivan County Department of Family Services, Monticello (Michael J. Andreani of counsel), for respondent.
Jacqueline Ricciani, Monticello, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 21, 2020, which, in two proceedings pursuant to Family Ct Act article 10, temporarily removed the subject child from respondents' custody.
Respondent Amanda QQ. and respondent Steffen PP. (hereinafter the father) are the parents of a child (born in 2020). The day after the child's birth, respondents executed a three-day consent form consenting to the removal of the child and placement of the child in petitioner's care. Petitioner thereafter commenced these proceedings under Family Ct Act article 10 seeking an adjudication that the child was neglected and requesting the continued removal of the child from respondents' care. Following a hearing under Family Ct Act § 1027, Family Court, in an April 2020 order, granted petitioner's motion to continue the temporary removal of the child. The father appeals.
This Court has been advised that, in March 2021, Family Court issued an order finding that respondents neglected the child. After a dispositional hearing, the court, in an April 2021 order, continued the removal of the child. In view of the foregoing, the father's appeal from the April 2020 order is moot (see Matter of Jadalynn HH. [Roy HH.], 135 AD3d 1089, 1089 [2016]; Matter of Gabriella UU. [Kelly VV.], 83 AD3d 1306, 1307 [2011]). Because the exception to the mootness doctrine does not apply (see Matter of Makayleigh A. [Miranda A.], 146 AD3d 1103, 1104 [2017]), the appeal must be dismissed.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.