In the Matter of MICHAEL A., a Neglected Child. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICIA A., Respondent. FRANK SARAT, as Attorney for the Child, Appellant. (And Another Related Proceeding.) [912 NYS2d 316]—Garry, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered May 7, 2010, which, among other things, in two proceedings pursuant to Family Ct Act article 10, temporarily placed the subject child in the custody of petitioner.

In July 2009, petitioner commenced proceedings against respondent Patricia A. (hereinafter the mother) and respondent Steven A. (hereinafter the father) alleging that Michael A. (born in 2004) was a neglected child. In both proceedings, Family Court issued temporary orders placing the child in petitioner's custody, followed shortly thereafter by modified temporary orders placing him in the custody of relatives. The mother and father subsequently consented to findings of neglect without admitting wrongdoing. After hearings on disposition and per-

manency, the court approved permanency plans with the goal of reunification and continued the child's temporary placement with the relatives until the next permanency hearing, which was set for July 2010.

In May 2010, petitioner made an ex parte application for another modification of the child's placement, alleging that the relatives had asked to have him removed because they were overwhelmed by the demands of caring for him. Family Court signed an order to show cause that returned the child to petitioner's custody pending a hearing five days later, and the child was moved to a foster home. At the hearing, the attorney for the child objected to the ex parte removal. The relatives did not appear, and the court continued the child's temporary placement with petitioner.

The attorney for the child now appeals from the order to show cause, contending that the representative of petitioner who made the application lacked personal knowledge of the circumstances and that no emergency justified the child's ex parte removal. However, the challenged order was superseded five days later by the orders that continued the child's placement with petitioner, from which no appeal was taken (*see Matter of Darlene L.*, 38 AD3d 552, 554 [2007]). Further, all parties, including the attorney for the child, later consented to an order under which the child would remain in petitioner's care until the beginning of the school year, and he has since been returned to respondents. Accordingly, the appeal is moot (*see Matter of Shalyse WW.*, 63 AD3d 1193, 1196-1197 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Joseph DD.*, 300 AD2d 760, 765 [2002], *lv denied* 100 NY2d 504 [2003]; *Matter of Joyce SS.*, 245 AD2d 962, 962 [1997]).

The attorney for the child asserts that the issues presented are novel, significant, likely to recur, and likely to evade review (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). We find that the exception to the mootness doctrine is inapplicable. In light of Family Court's "broad discretion" to make temporary emergency placement decisions (*Matter of Damien X.*, 217 AD2d 762, 763 [1995]), and the fact that the hearing was appropriately scheduled to occur promptly thereafter, the issues presented are not sufficiently substantial to warrant the exception to the mootness doctrine (*see Matter of Brenden O.*, 13 AD3d 779, 780 [2004]; *compare Matter of Crystal AA.*, 271 AD2d 771, 771 [2000], *lv dismissed* 95 NY2d 903 [2000]).

Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.