■ In the Matter of Lindsay BB. and Another, Children Alleged to be Neglected. Columbia County Department of Social Services, Respondent; Ruth BB., Appellant. (Proceeding No. 1.) In the Matter of Lindsay BB. and Another, Children Alleged to be Neglected. Columbia County Department of Social Services, Respondent; Mark BB., Appellant. (Proceeding No. 2.) [939 NYS2d 582]—Stein, J.

Respondents are the parents of several children including, as relevant here, a son, Vincent BB. (born in 1994). In May 2010, petitioner filed violation petitions against respondents for their failure to comply with a dispositional order in two neglect proceedings. During a court appearance related to such proceedings, petitioner informed Family Court and the parties that a psychiatrist had recommended that Vincent—who was then residing in a kinship foster care home in Florida—take certain prescription medication. Ultimately, Family Court issued an order authorizing petitioner to consent to Vincent's prescription medication over respondents' objections. Respondents now appeal.

Following entry of the order appealed from and during the pendency of this appeal, Family Court terminated petitioner's custody of Vincent and permanently discharged the child back to the custody of respondents. Inasmuch as petitioner no longer has custody of the child, the order authorizing petitioner to consent to his receiving medication is no longer effective. Thus, the appeals are moot (*see Matter of King v Jackson*, 52 AD3d

974, 975 [2008]) and, under the particular circumstances of this case, we are not persuaded that the exception to the mootness doctrine is applicable (*see generally Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *Matter of Michael A. [Patricia A.],* 79 AD3d 1230, 1231 [2010]).

Lahtinen, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.