# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 25, 2016                520156
_____

In the Matter of AIANI YY. and
    Another, Alleged to be
    Neglected Children.

BROOME COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                    MEMORANDUM AND ORDER
                    Respondent;

BRITTNEY ZZ.,
                    Appellant,
                    et al.,
                    Respondent.
_____

Calendar Date:   January 5, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Lisa K. Miller, McGraw, for appellant.

        Philomena M. Stamato, Broome County Department of Social
Services, Binghamton, for Broome County Department of Social
Services, respondent.

        Christopher A. Pogson, Binghamton, attorney for the
children.

_____

McCarthy, J.P.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered November 7, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act articles
10 and 10-A, to adjudicate respondents' children to be neglected,
and continued placement with petitioner.

Respondent Brittney ZZ. (hereinafter the mother) and respondent Derek YY. (hereinafter the father) are the parents of two children (born in 2011 and 2012). In February 2014, petitioner commenced this neglect proceeding against the mother and the father, alleging, among other things, that they neglected the children by exposing them to domestic violence and by failing to protect them from drug abuse. During the same period of time, the children were temporarily removed from respondents' custody and placed with the paternal grandmother. Family Court thereafter adjudicated the children to be neglected. After a combined dispositional and permanency hearing, Family Court, among other things, approved the permanency goal of returning the children to the mother and continued the children's temporary placement with the paternal grandmother. The mother appeals.

The mother's only contention on this appeal is that Family Court erred in failing to return the children to her. Because the children have since been returned to the mother, and the rights of the parties will not be directly affected by a determination of this issue, it is moot (see Matter of Karlee JJ. [Jessica JJ.], 105 AD3d 1304, 1305 [2013]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Further, contrary to the mother's contention, her argument does not fall within the exception to the mootness doctrine (see Matter of Nasira D. [Madelyn D.], 97 AD3d 1002, 1003 [2012]; Matter of Michael A. [Patricia A.], 79 AD3d 1230, 1231 [2010]). As the mother raises no other issues, the order is affirmed.

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court