Matter of Eyon X. (Ashley W.) (2018 NY Slip Op 05010)





Matter of Eyon X. (Ashley W.)


2018 NY Slip Op 05010


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

526075

[*1]In the Matter of EYON X. and Another, Alleged to be Neglected Children. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ASHLEY W., Appellant.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Michelle Risavi, Cortland County Department of Social Services, Cortland, for respondent.
Natalie B. Miner, Homer, attorney for the children.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Family Court of Cortland County (Ames, J.), entered December 19, 2017, which, in a proceeding pursuant to Family Ct Act article 10, temporarily removed the subject children from respondent's custody.
In December 2017, petitioner commenced this neglect proceeding to remove the children (born 2015 and 2017) from the care of respondent, their mother, after, among other things, the older child was discovered to have unexplained perineal trauma. Upon respondent's consent, the children were removed from her custody and placed in the custody of petitioner pending a hearing (see Family Ct Act § 1021). After a fact-finding hearing pursuant to Family Ct Act § 1027, Family Court continued the children's temporary removal and placement. Respondent appeals, solely challenging Family Court's decision to continue the temporary removal.
The attorney for the children and respondent have informed this Court that the children [*2]were returned to respondent during the pendency of this appeal. We have since received, from petitioner, a copy of Family Court's order directing that the children be returned to the care and custody of respondent under the supervision of petitioner, effective June 1, 2018. Accordingly, as the rights of the parties will not be directly affected by a determination of respondent's appeal from the temporary removal order, the appeal is moot (see Matter of Landyn H. [Matthew H.], 154 AD3d 1133, 1134 [2017]; Matter of Gaige F. [Carolyn F.], 144 AD3d 1575, 1576 [2016]; Matter of Aiani YY. [Brittney ZZ.], 136 AD3d 1232, 1233 [2016]). Although respondent urges us to reach the merits of her appeal in order to provide guidance on temporary removal standards, arguing that issues related thereto frequently recur and evade review, we find that the exception to the mootness doctrine does not apply (see Matter of Michael A. [Patricia A.], 79 AD3d 1230, 1231 [2010]; Matter of Brenden O., 13 AD3d 779, 780 [2004]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).
Devine, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.