Matter of Jihad N. (Devine N.) (2020 NY Slip Op 01213)





Matter of Jihad N. (Devine N.)


2020 NY Slip Op 01213


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

526805

[*1]In the Matter of Jihad N., a Neglected Child. Schenectady County Department of Social Services, Respondent; Devine N., Appellant. (And Another Related Proceeding.)

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Monique B. McBride, Albany, for appellant.
Christopher Gardner, County Attorney, Schenectady (Samantha H. Miller of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the child.



Mulvey, J.
Appeal from an order of the Family Court of Schenectady County (Loyola, J.), entered March 14, 2018, which, in two proceedings pursuant to Family Ct Act articles 10 and 10-A, continued the placement of the subject child.
Respondent Devine N. (hereinafter the father) and respondent Emily O. (hereinafter the mother) are the parents of the subject child (born in 2016), who was removed from the parents' custody two days after birth. Petitioner filed a separate neglect petition against each parent. In April 2017, based on the father's admission that he had a diagnosis of cocaine dependence and had not been engaged in substance abuse treatment, Family Court issued an order of neglect, continued the child's placement in petitioner's custody and placed the father under a six-month period of supervision. In March 2018, following a permanency hearing, the court issued a permanency order continuing the child's placement with petitioner, with the goal of reunification with the parents. The father and the mother each appeal that permanency order.[FN1]
The father's challenges to petitioner's initial removal of the child from the parents' care and the underlying finding of neglect are not properly before this Court, as those arguments concern earlier orders, including the April 2017 order, that the father has not appealed (see Matter of Simmes v Hotaling, 173 AD3d 1387, 1387-1388 [2019]; Matter of Strobel v Danielson, 159 AD3d 1287, 1288 n 4 [2018], lv dismissed 31 NY3d 1071 [2018]). This appeal from the March 2018 permanency hearing order is rendered moot by the issuance of three subsequent permanency hearing orders that continued the child's placement with petitioner and did not change the permanency goal of reunification with the parents (see Matter of Cheyeanne E. [Scott E.], 154 AD3d 1206, 1206 [2017]; Matter of Gabriella RR. [Tina SS.], 150 AD3d 1427, 1428 [2017]; Matter of Brendan N. [Arthur N.], 79 AD3d 1175, 1177 [2010], lv denied 16 NY3d 735 [2011]; compare Matter of Nevaeh L. [Katherine L.], 177 AD3d 1400, 1401 [2019] [permanency order not rendered moot by subsequent permanency order that modified the permanency goal, thereby altering the petitioner's future obligations]; Matter of Jacelyn TT. [Tonia TT.—Carlton TT.], 80 AD3d 1119, 1120 [2011] [same]).
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: Although the mother filed a notice of appeal from the permanency order, her appeal is deemed dismissed because she failed to perfect it "within six months of the date of the notice of appeal" (22 NYCRR 1250.10 [a]).