Matter of Aviannah Y. (Jeremy SS.) (2020 NY Slip Op 02689)





Matter of Aviannah Y. (Jeremy SS.)


2020 NY Slip Op 02689


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

528419

[*1]In the Matter of Aviannah Y., Alleged to be a Neglected Child. Schenectady County Department of Social Services, Respondent; Jeremy SS., Appellant.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Sandra M. Colatosti, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Sarah H. Petraccione of counsel), for respondent.
Rebecca Bauscher, Schenectady, attorney for the child.
Elena Defio Kean, Albany, for Karissa Y.



Egan Jr., J.
Appeal from an order of the Family Court of Schenectady County (Blanchfield, J.), entered December 14, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to temporarily remove the subject child from respondent's custody.
Respondent and the mother are the parents of a child (born in 2018). Following the child's birth, but prior to the mother and the child's discharge from the hospital, a hotline report was received by Child Protective Services that resulted in the child being temporarily removed from the parents' custody, upon their written consent, and placed in petitioner's care and custody. On September 12, 2018, petitioner commenced this neglect proceeding, alleging that respondent suffers from cognitive difficulties and certain mental health conditions that place the child's physical, mental and/or emotional condition in imminent danger of becoming impaired as a result of his inability to, among other things, provide adequate care, supervision or guardianship.[FN1] At the September 13, 2018 initial appearance, respondent withdrew his consent to the child's temporary removal and requested a hearing pursuant to Family Ct Act § 1027. Following a removal hearing, Family Court determined that petitioner failed to establish that respondent posed an imminent risk of harm to the child. Notwithstanding, Family Court issued a temporary order of protection preventing respondent from being the sole caretaker of the child absent an appropriate co-caretaker and barred respondent from permitting the mother or the paternal grandmother from having any contact with the child, unless deemed appropriate by petitioner. Family Court thereafter modified the provisions of the temporary order of protection to clarify that respondent is not to be the sole caretaker of the child and that any potential co-caretaker must be subject to the approval of petitioner. Subsequently, on September 28, 2018, petitioner filed a second application seeking temporary removal of the child on the ground that it had newly discovered evidence regarding respondent's mental health condition and because petitioner had yet to locate a suitable co-caretaker for the child. Following a second removal hearing, Family Court determined that continued removal of the child was necessary to avoid imminent risk of harm to her. Respondent appeals.
While the subject appeal was pending, respondent consented to an order granting him joint legal custody of the child with primary placement of the child with the paternal grandmother. Based on this development, petitioner withdrew its underlying neglect petition. Accordingly, inasmuch as respondent's rights will not be directly affected by a determination of his appeal from the order granting temporary removal of the child, we find that the subject appeal has been rendered moot (see Matter of Tyrell FF., 166 AD3d 1331, 1332 [2018], appeal dismissed 33 NY3d 1063 [2019]; Matter of Eyon X. [Ashley W.], 163 AD3d 1145, 1146 [2018]; Matter of Nevaeh A. [Shannon D.], 144 AD3d 1431, 1432 [2016]). Moreover, contrary to respondent's assertion, his remaining contentions do not raise substantial or novel issues that are likely to recur or evade review and, therefore, the exception to the mootness doctrine does not apply (see Matter of Stephen RR. [Christa TT.], 169 AD3d 1190, 1191 [2019]; Matter of Michael A. [Patricia A.], 79 AD3d 1230, 1231 [2010]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: As a direct result of respondent's underlying mental health diagnosis, he also does not have physical custody of his two other children, who are not the subjects of this proceeding.