Matter of Jaylynn WW. (Justin WW.--Roxanne WW.) (2022 NY Slip Op 01212)





Matter of Jaylynn WW. (Justin WW.--Roxanne WW.)


2022 NY Slip Op 01212


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

531525 532276
[*1]In the Matter of Jaylynn WW. and Others, Neglected Children. Clinton County Department of Social Services, Respondent; Justin WW., Appellant, and Roxanne WW., Respondent.

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Clinton County Department of Social Services, Plattsburgh (Allison Mussen of counsel), for Clinton County Department of Social Services, respondent.
Michelle I. Rosien, Philmont, for Roxanne WW., respondent.
Omshanti Parnes, Plattsburgh, attorney for the children.



Garry, P.J.
Appeals (1) from three orders of the Family Court of Clinton County (Bruno, J.), entered April 24, 2020, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, modified the permanency plan of the subject children, and the order of protection issued thereon, and (2) from three orders of said court, entered August 3, 2020, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, continued the permanency plan of the subject children, and the order of protection issued thereon.
Respondent Justin WW. (hereinafter the father) and respondent Roxanne WW. (hereinafter the mother) are the parents of three children (born in 2007, 2011 and 2013). In August 2018, petitioner filed a petition alleging that the subject children were neglected by the father and the mother, and the children were placed in foster care with relatives. In November 2018, Family Court issued a combined disposition and permanency order determining that the children were neglected and continuing their placement in foster care with a permanency goal of return to parent. A second permanency order continued the placement and goal. After a third permanency hearing in December 2019, the court issued separate orders for each child, entered in April 2020, continuing their placement in foster care but changing the permanency goal from return to parent to permanent placement with a fit and willing relative. A few months later, the court issued another set of permanency orders, entered in August 2020, containing the same permanency goal. The father appeals from the April 2020 and August 2020 permanency orders.[FN1]
Defendant first argues that Family Court lacks subject matter jurisdiction over this proceeding because it was allegedly commenced by the children themselves, whereas Family Ct Act § 1032 requires that such a petition be commenced by a child protective agency or another person as directed by the court. As the first paragraph of the petition states that "Petitioner, Clinton County Department of Social Services, by and through Commissioner John Redden, is a duly authorized agency" (see Family Ct Act § 1012 [i]), and the petition is signed by Redden on behalf of "[p]etitioner," this argument is specious.[FN2] Although CPLR 2101 (c) requires the caption of a summons and complaint in a civil matter to include the names of all parties (and including this information comports with best practices), captions in petitions for Family Ct Act article 10 proceedings often include the names of the children and the respondent parents or other adults responsible for the abuse or neglect but do not always include the name of the petitioning child protective agency. However, defects in the form of papers shall be disregarded by the court unless a substantial right of a party is prejudiced, and objections to defects in form are waived unless the paper is returned with particular objections within 15 days of receipt (see CPLR 2101 [f]). Under that statutory provision, the [*2]father waived any objection to the form of the caption in the petition and he has not demonstrated any prejudice. For all these reasons, the petition was not jurisdictionally defective.
Although a subsequently issued permanency order effectively supersedes prior permanency orders, an appeal from a prior order is not moot if that prior order modified the permanency goal; because, by changing the goal, "Family Court altered [the local social service agency's] obligations in future permanency hearings from working toward reunification" with a parent to working toward a different permanent placement, "any new permanency orders will be a direct result of the orders appealed from and the issue of whether those orders were proper will still affect the father's rights" (Matter of Jacelyn TT. [Tonia TT.-Carlton TT.], 80 AD3d 1119, 1120 [2011]; see Matter of Isayah R. [Shaye R.], 189 AD3d 1942, 1943 [2020]; Matter of Nevaeh L [Katherine L.], 177 AD3d 1400, 1401 [2019]; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580 [2018]; compare Matter of Jihad N. [Devine N.], 180 AD3d 1164, 1165 [2020] [finding appeal from permanency order moot by the issuance of three subsequent permanency orders that did not change the permanency goal]; Matter of Brendan N. [Arthur N.], 79 AD3d 1175, 1177 [2010], lvs denied 16 NY3d 702, 735 [2011]). Accordingly, the appeal from the orders entered after the third permanency hearing is not moot. Thus, we turn to the merits.
"At the conclusion of a permanency hearing, Family Court has the authority to modify an existing permanency goal and must enter a disposition based upon the proof adduced and in accordance with the best interests of the children" (Matter of Dakota F. [Angela H.], 180 AD3d 1149, 1151 [2020] [internal quotation marks, brackets and citations omitted]; see Family Ct Act § 1089 [d]). The aim is to find "a permanent, stable solution for the child[ren]" (Matter of Kobe D. [Kelli F.], 97 AD3d 947, 948 [2012]). "[A] modification of a permanency goal will not be disturbed if the determination is supported by a sound and substantial basis in the record" (Matter of Dakota F. [Angela H.], 180 AD3d at 1151; see Matter of Kobe D. [Kelli F.], 97 AD3d at 948).
At the time of the third permanency hearing, the children had been in foster care with relatives for 16 months. Testimony from a foster care caseworker and the father demonstrated that, although the father had completed parenting classes and substance abuse treatment and was compliant with drug testing, he was resistant to complying with a court-ordered program for perpetrators of domestic violence. The father failed to acknowledge his responsibility for domestic violence in or the children's removal from the home, instead blaming the mother and others. He also struggled with anger management, as highlighted by his inability to control himself while in court. Evidence demonstrated that he yelled at, cursed at, and was threatening and abusive toward petitioner's [*3]staff, the mother and Family Court. Most importantly, the father failed to recognize that his behavior negatively affected his children.
Family Court found that the father was "less than credible[,] defiant[,] argumentative[,] and . . . fail[ed] to understand his own underlying issues," and his "behavior and statements in the courtroom confirmed . . . that to place children in his care would be inimical to their safety and welfare." Further, the court concluded that allowing the children to be in the father's care "would be tantamount to placing the children in an unsafe environment with an individual who is incapable of controlling himself." Nonetheless, the father continues to insist that the children should be returned home because he has addressed his substance abuse problem. Given the length of time that the children had been in foster care, the father's persistent lack of insight regarding the reason for the continued placement, his inability to control his anger and his resistance to adjusting his behavior, Family Court's determination to change the permanency goal to placement with a fit and willing relative was supported by a sound and substantial basis in the record (see Matter of Dawn M. [Michael M.], 151 AD3d 1489, 1491-1492 [2017], lv denied 29 NY3d 917 [2017]; Matter of Dezerea G. [Lisa G.], 97 AD3d 933, 935 [2012]).
Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Although the notices of appeal state that the father also appeals from related orders of protection, he has abandoned any arguments thereon by failing to address those orders in his brief (see Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1040 n 2 [2021]; Matter of Stephen K. v Sara J., 170 AD3d 1466, 1467 n [2019]). The father also does not challenge the portions of the permanency orders that continued the children's placement in foster care, only the portions addressing the permanency goal.

Footnote 2: We note that counsel has an obligation to avoid misrepresentations to any court, and must affirmatively inform the court of correct facts as well as legal authorities adverse to counsel's position (see Rules of Professional Conduct [22 NYCRRR 1200.0] rule 8.4 [c]; Ryan v Cortland Carriage Goods Co., 133 App Div 467, 470 [1909]; see also Matter of La Cucina Mary Ann, Inc. v State Liq. Auth., 150 AD2d 450, 451 [1989]).