Matter of Kimberly G. (Natasha G.) (2022 NY Slip Op 01856)





Matter of Kimberly G. (Natasha G.)


2022 NY Slip Op 01856


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

531197
[*1]In the Matter of Kimberly G. and Others, Neglected Children. St. Lawrence County Department of Social Services, Respondent; Natasha G., Appellant. (And Another Related Proceeding.)

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and Ceresia, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Stephen D. Button, County Attorney, Canton (Keith S. Massey Jr. of counsel), for respondent.
Reginald H. Bedell, Willsboro, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered February 25, 2020, which, in two proceedings pursuant to Family Ct Act articles 10 and 10-A, continued the placement of the subject children.
Respondent is the mother of the six subject children (born in 2004, 2005, 2011, 2015, 2016 and 2019). In March 2019, upon Family Court's entry of neglect findings against them, respondent and the children's father consented to petitioner's temporary custody of the subject children. Following a September 2019 permanency hearing, the court issued a permanency order with a goal of returning the children to the parents. At an appearance in January 2020 to address motions by respondent and petitioner regarding respondent's visitation with the children, the parties agreed to resume respondent's supervised visitation with all but two of the subject children. In February 2020, at the next permanency hearing, respondent objected to a finding that petitioner had used reasonable efforts to achieve the permanency goal of reunification. In a February 2020 letter order, Family Court continued the goal of reunification, found that petitioner had engaged in reasonable efforts to achieve the permanency goal and continued the subject children's placement in petitioner's custody. The court also directed that the parties submit a proposed permanency hearing order. Respondent appeals from the February 2020 order.
The mother's appeal from the February 2020 order has been rendered moot by the issuance of at least two subsequent permanency orders that continued the subject children's placement with petitioner and did not change the permanency goal of reunification with the parents (see Matter of Jihad N. [Devine N.], 180 AD3d 1164, 1165 [2020]; Matter of Cheyeanne E. [Scott E.], 154 AD3d 1206, 1206-1207 [2017]; compare Matter of Nevaeh L. [Katherine L.], 177 AD3d 1400, 1401 [2019]). We do not find that the exception to the mootness doctrine applies under the circumstances (see Matter of Cheyeanne E. [Scott E.], 154 AD3d at 1207; Matter of Nigel XX. [Tabitha YY.], 106 AD3d 1407, 1408 [2013]).
Garry, P.J., Lynch, Colangelo and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.