Matter of Mickia B. (Raheem B.) (2023 NY Slip Op 02356)

Matter of Mickia B. (Raheem B.)

2023 NY Slip Op 02356

Decided on May 4, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 4, 2023

533471 534069 534122
[*1]In the Matter of Mickia B., Alleged to be a Neglected Child. St. Lawrence County Department of Social Services, Respondent; Raheem B., Appellant. (And Another Related Proceeding.)

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Stephen D. Button, County Attorney, Canton (Keith S. Massey Jr. of counsel), for St. Lawrence County Department of Social Services, respondent.
Noreen McCarthy, Keene Valley, for Michele C., respondent.
Reginald H. Bedell, Willsboro, attorney for the child.

Egan Jr., J.P.
Appeals from two orders of the Family Court of St. Lawrence County (Cecily L. Morris, J.), entered January 28, 2021 and September 7, 2021, which, in two proceedings pursuant to Family Ct Act articles 10 and 10-A, continued the placement of the subject child.
Respondent Michele C. (hereinafter the mother) and respondent Raheem B. (hereinafter the father) are the parents of one child (born in 2015). Petitioner commenced a neglect proceeding against the mother in December 2018. The father was initially listed as a nonrespondent parent with whom the child could appropriately reside. Petitioner commenced a neglect proceeding against the father in March 2019, however, after which the child was temporarily removed and placed in petitioner's custody.
Following a permanency hearing, Family Court issued an order in January 2021 in which it found that petitioner had engaged in reasonable and diligent efforts to achieve the permanency goal of returning the child to the father and directed that a proposed permanency hearing order be submitted. Family Court conducted a subsequent permanency hearing that concluded in July 2021, after which it issued a September 2021 order in which it found that petitioner had continued to engage in reasonable and diligent efforts to achieve the unchanged permanency goal of reunification and ordered the continued placement of the child with petitioner. Family Court again directed that a proposed permanency hearing order be submitted. The father appeals from the January 2021 and September 2021 orders, arguing that Family Court erred in finding that petitioner had made reasonable and diligent efforts to reunite the child with him.
The appeal from the January 2021 order was rendered moot by a permanency hearing order, issued in the wake of the September 2021 order, "that continued the child's placement with petitioner and did not change the permanency goal of reunification" (Matter of Jihad N. [Devine N.], 180 AD3d 1164, 1165 [3d Dept 2020]; see Matter of Kimberly G. [Natasha G.], 203 AD3d 1418, 1419 [3d Dept 2022]). The appeal from the September 2021 order, in turn, was rendered moot by the issuance of a final permanency hearing order in July 2022 that terminated placement of the child with petitioner, returned the child to the father's care and terminated all orders issued under Family Ct Act article 10 regarding the child (see Matter of Renezmae X. [Kimberly X.-Chad W.], 166 AD3d 1350, 1351 [3d Dept 2018]; Matter of Aiani YY. [Brittney ZZ.], 136 AD3d 1232, 1233 [3d Dept 2016]). We are unpersuaded by the attorney for the child's contention that the exception to the mootness doctrine is applicable under the circumstances presented (see Matter of Kimberly G. [Natasha G.], 203 AD3d at 1419; Matter of Cheyeanne E. [Scott E.], 154 AD3d 1206, 1207 [3d Dept 2017]; Matter of Aiani YY. [Brittney ZZ.], 136 AD3d at 1233). Thus, the appeals are dismissed.
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the appeals [*2]are dismissed, as moot, without costs.