Matter of Destiny F. (Melissa F.) (2023 NY Slip Op 03120)

Matter of Destiny F. (Melissa F.)

2023 NY Slip Op 03120

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

326 CAF 22-00322

[*1]IN THE MATTER OF DESTINY F., LAMEEK E., AND SHYQUEST E. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; MELISSA F. AND EDWARD F., RESPONDENTS. TAKARA E., APPELLANT.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILDREN.
 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered January 4, 2022, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, continued the placement of the subject children with petitioner. It is hereby ORDERED that said appeal is unanimously dismissed without costs. Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, non-respondent mother appeals from an order that, inter alia, continued the placement of the subject children with petitioner. The mother contends that Family Court erred in failing to conduct an age-appropriate consultation with the subject children as mandated by Family Court Act § 1089 (d), and that we should therefore remit the matter for the required consultation or direct the court to comply with section 1089 (d) at future permanency hearings (see Matter of Sandra DD. [Kenneth DD.], 185 AD3d 1259, 1262-1263 [3d Dept 2020]; Matter of Dawn M. [Michael M.], 151 AD3d 1489, 1492-1493 [3d Dept 2017], lv denied 29 NY3d 917 [2017]). We agree with petitioner and the attorney for the children (AFC), however, that the appeal is moot inasmuch as two subsequent permanency orders have been entered during the pendency of this appeal that continued the subject children's placement with petitioner and did not change the permanency goal of reunification with the mother (see Matter of Kimberly G. [Natasha G.], 203 AD3d 1418, 1419 [3d Dept 2022]; Matter of Gabrielle N.N. [Jacqueline N.T.], 171 AD3d 671, 672 [1st Dept 2019]; Matter of Francis S. [Wendy H.], 67 AD3d 1442, 1442 [4th Dept 2009], lv denied 14 NY3d 702 [2010]). We further agree with petitioner and the AFC that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court