Matter of Tyler I. (Shawn I.) (2023 NY Slip Op 04469)

Matter of Tyler I. (Shawn I.)

2023 NY Slip Op 04469

Decided on August 31, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 31, 2023

535152
[*1]In the Matter of Tyler I. and Another, Neglected Children. Schoharie County Department of Social Services, Respondent; Shawn I., Appellant. (And Another Related Proceeding.)

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Paul J. Connolly, Delmar, for appellant.
Schoharie County Department of Social Services, Schoharie (David P. Lapinel of counsel), for respondent.
Sandra M. Colatosti, Albany, attorney for the child.

Garry, P.J.
Appeals from a decision and an order of the Family Court of Schoharie County (Laura C. Deitz, Referee), entered March 15, 2022 and March 18, 2022, which, among other things, in two proceedings pursuant to Family Ct Act articles 10 and 10-A, modified the permanency plan of the subject children.
Respondent (hereinafter the father) and Bobbi J. (hereinafter the mother) are the parents of a daughter (born in 2017), and the father is also the parent of a son (born in 2004).[FN1] In 2018, the son was removed from the father's care following an altercation, and, in 2019, the daughter was removed from the mother's care based upon allegations that she permitted contact with inappropriate persons. In 2020, Family Court (Bartlett III, J.) adjudicated the son to be neglected by the father and the daughter to be neglected by the mother and placed the parents under the supervision of petitioner. Following a lengthy contested permanency hearing spanning from May 2021 through February 2022,[FN2] Family Court (Deitz, Referee) issued an exhaustive decision concluding that petitioner had made the requisite reasonable efforts to achieve the original permanency goal for the children of return to a parent, determined that the failure to achieve that goal was caused by the parents' conduct and unwillingness or inability to avail themselves of the myriad of resources and services offered to correct the problems that led to the children's removal and found that the best interests of the children supported modifying the permanency goal from return to parent to adoption. A permanency order was entered March 18, 2022 so modifying the permanency goal. The father appeals from both the decision and the order,[FN3] challenging the change in the permanency goal with regard to the daughter.[FN4]
Petitioner advised this Court, and this Court confirmed, that, subsequent to the March 18, 2022 entry of the permanency order, Family Court held a permanency hearing and issued a subsequent decision and permanency order entered on October 13, 2022 continuing the permanency goal of adoption. Petitioner argues that the issuance of the subsequent order rendered the father's appeal moot. "Although a subsequently issued permanency order effectively supersedes prior permanency orders, an appeal from a prior order is not moot if that prior order modified the permanency goal," as occurred here (Matter of Jaylynn WW. [Justin WW.-Roxanne WW.], 202 AD3d 1394, 1396 [3d Dept 2022], lv denied 38 NY3d 907 [2022]; see Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580 [2d Dept 2018]; compare Matter of Mickia B. [Raheem B.], 216 AD3d 1218, 1218-1219 [3d Dept 2023]; Matter of Jihad N. [Devine N.], 180 AD3d 1164, 1165 [3d Dept 2020]). However, Family Court's decision entered in conjunction with that subsequent permanency order reflects that respondent "consented to the proposed permanency goal of 'placement for adoption' for both children."[FN5] As the father consented to the change in the permanency goal of placement [*2]for adoption and has not appealed that order [FN6] or challenged the voluntariness of his consent, a decision from this Court on this appeal would not "result in immediate and practical consequences to the [father]" (Matter of Victoria B. [Jonathan M.], 164 AD3d at 580 [internal quotation marks and citation omitted]; see Matter of Chloe Q. [Dawn Q.-Jason Q.], 68 AD3d 1370, 1370-1371 [3d Dept 2009]; compare Matter of Damian D. [Patricia WW.], 126 AD3d 12, 15-16 [3d Dept 2015]). Accordingly, this appeal challenging the earlier change in the permanency goal to placement for adoption is now moot (see Matter of Randi NN. [Randi MM.-Joseph MM.], 80 AD3d 1086, 1086-1087 [3d Dept 2011], lv denied 16 NY3d 712 [2011]; Matter of Jacelyn TT. [Tonia TT.-Carlton TT.], 80 AD3d 1119, 1119-1120 [3d Dept 2011]; Matter of Simeon F., 58 AD3d 1081, 1081-1082 [3d Dept 2009], lv denied 12 NY3d 709 [2009]; compare Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 281-282 [2017]).[FN7] Under the circumstances that exist here, the exception to the mootness doctrine does not apply (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Randi NN. [Randi MM.-Joseph MM.], 80 AD3d at 1087).
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the appeals are dismissed, without costs.

Footnotes

Footnote 1: The son's mother, Melissa K., is listed as an interested party who appeared by counsel.

Footnote 2: The father, a level one sex offender, was reincarcerated on a probation violation from September 2021 through August 2022 based upon unapproved contact with an 11-year-old child. He participated in the permanency hearing and testified; the mother did not appear but was represented by counsel at the hearing. Due to the length of the hearing, which initially proceeded on an April 2021 permanency report, petitioner was permitted to file another permanency report in December 2021, which the parties were afforded an opportunity to address.

Footnote 3: As no appeal lies from Family Court's nondispositional, fact-finding decision (see Family Ct Act §§ 1112 [a]; 1089 [d]), the father's appeal from that decision must be dismissed. Nonetheless, his appeal from the subsequently issued permanency order, a dispositional order, brings up for review the issues raised in the fact-finding decision (see CPLR 5501 [a]).

Footnote 4: The father does not contest the permanency goal for the son, who turned 18 in 2022.

Footnote 5: Neither the father nor the attorney for the daughter address his subsequent consent to the permanency goal of adoption. Petitioner further states that there was another permanency hearing on January 6, 2023 at which the father failed to appear and his counsel appeared and took no position.

Footnote 6: An order entered on consent is generally not appealable in that the consenting party is not aggrieved thereby (see CPLR 5511; Matter of Gabrielle N.N. [Jacqueline N.T.], 171 AD3d 671, 672 [1st Dept 2019]).

Footnote 7: The permanency order entered October 13, 2022 authorized petitioner to file a termination of parental rights petition unless the father executed a surrender of parental rights. The attorney for the daughter indicates that counsel was informed by Family Court that a termination of parental rights petition is pending.