Matter of Winter II. (Kerriann II.) (2024 NY Slip Op 02350)

Matter of Winter II. (Kerriann II.)

2024 NY Slip Op 02350

Decided on May 2, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 2, 2024

535992 CV-22-2179
[*1]In the Matter of Winter II., Alleged to be a Neglected Child. Schenectady County Department of Social Services, Respondent; Kerriann II., Appellant. (Proceeding No. 1.)
In the Matter of Winter II., Alleged to be a Neglected Child. Schenectady County Department of Social Services, Respondent; Kerriann II., Appellant. (Proceeding No. 2.)

Calendar Date:March 27, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Fisher, JJ.

Sandra M. Colatosti, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Jennifer M. Barnes of counsel), for respondent.
Nicole R. Rodgers, Saratoga Springs, attorney for the child.

Lynch, J.
Appeals (1) from two orders of the Family Court of Schenectady County (Kevin A. Burke, J.), entered August 1, 2022 and October 11, 2022, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected, and (2) from an order of said court, entered October 11, 2022, which, in proceeding No. 2 pursuant to Family Ct Act articles 10 and 10-A, modified the permanency plan of the subject child.
Respondent (hereinafter the mother) is the mother of the subject child (born in 2021), who tested positive for opioids upon her birth while the mother tested positive for opioids, cocaine and marihuana. On August 11, 2021, Family Court granted petitioner's prepetition application for removal of the child (see Family Ct Act § 1027) and, upon the mother's consent, placed the child in the temporary care of the paternal grandparents, who were also caring for the mother's four older children. Two days later, petitioner filed a neglect petition alleging that the child's "physical, mental or emotional condition ha[d] been impaired or [wa]s in imminent danger" of so becoming due to the mother's history of drug abuse. The petition revealed that the mother had acknowledged using cocaine and marihuana on a weekly basis during her pregnancy with the subject child and that her four other children had also been removed from her care due to indicated reports. Although the mother was present in court for appearances on August 10 and August 25, 2021, she subsequently stopped attending any of the scheduled appearances. Her assigned counsel, however, appeared on her behalf. Following a virtual fact-finding hearing on March 30 and April 11, 2022, Family Court issued an order on August 1, 2022, granting the neglect petition. Following a permanency hearing, Family Court issued an order in October 2022 changing the permanency goal from return to parent to permanent placement with the paternal grandparents. The mother appeals from these orders.
Petitioner contends that the mother was in default on the neglect petition for having failed to attend three consecutive pretrial appearances and the entire fact-finding hearing. As such, petitioner maintains that the mother's appeal from the August 2022 order should be dismissed because no appeal lies from an order entered on default (see CPLR 5511; Matter of Corey MM. [Cassandra LL.], 177 AD3d 1119, 1120 [3d Dept 2019]). Petitioner's argument is understandable, particularly considering that the mother's own counsel was unsuccessful in her efforts to communicate with the mother after August 2021. Nonetheless, the mother did attend the first two appearances in August 2021. While consenting to the temporary removal of the child, the mother communicated to her attorney that she opposed the petition. The record shows that the mother's counsel diligently participated on her behalf during the fact-finding hearing. Counsel requested an adjournment at the commencement of the [*2]hearing, but Family Court determined — reasonably, in our view — "to proceed with trial." The mother's attorney cross-examined petitioner's witness, engaged in voir dire of the evidence, lodged objections and made a closing argument. Family Court did not declare the mother to be in default but issued its neglect finding on the evidence presented (see Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2004 n 2 [3d Dept 2020], lv denied 36 NY3d 911 [2021]; compare Matter of Corey MM. [Cassandra LL.], 177 AD3d at 1120; Matter of Adele T. [Kassandra T.], 143 AD3d 1202, 1204 [3d Dept 2016]). Given these circumstances, we conclude that the order was not entered on default and that the mother's appeal is properly before us (see Matter of Richard TT. [Kara VV.], 223 AD3d 1070, 1072 n 3 [3d Dept 2024]; Matter of Elaysia GG. [Amber HH.], 221 AD3d 1338, 1338-1339 [3d Dept 2023]; Matter of Amanda I. v Michael I., 185 AD3d 1252, 1253-1254 [3d Dept 2020]).
Turning to the merits, we discern no basis upon which to disturb the neglect finding against the mother. Petitioner bore the burden on its neglect petition to establish, by a preponderance of the evidence, that the child's " 'physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care' due to, among other things, 'misusing a drug or drugs' " (Matter of Rosaliee HH. [Samantha HH.], 221 AD3d 1299, 1300 [3d Dept 2023] [internal quotation marks omitted], quoting Family Ct Act § 1012 [f] [i] [B]). Pertinent here, "a newborn's positive toxicology, in conjunction with evidence that links such toxicology to the newborn's impairment or imminent risk of impairment, suffices to establish a finding of neglect against the mother" (Matter of Leo RR. [Joshua RR.], 213 AD3d 1190, 1191 [3d Dept 2023]; see Matter of John QQ., 19 AD3d 754, 756 [3d Dept 2005]). "We accord great deference to Family Court's findings and credibility determinations and we will not disturb them, unless they are unsupported by a sound and substantial basis in the record" (Matter of Kaleb LL. [Bradley MM.], 218 AD3d 846, 848 [3d Dept 2023] [internal quotation marks and citations omitted]).
During the hearing, Jessica Santiago, a caseworker with Schenectady County Child Protective Services, testified that she received a hotline report on August 8, 2021 alleging that the subject child had tested positive for opioids upon her birth, with the mother testing positive for opioids, cocaine and marihuana following the delivery. The child was transferred to the neonatal intensive care unit of a local hospital due to respiratory distress but was not exhibiting any withdrawal symptoms. During an interview with Santiago the next day, the mother acknowledged that she had used cocaine four days before the subject child's birth, revealing that she had used both cocaine and marihuana on a weekly basis throughout her pregnancy. She denied [*3]using opioids. Santiago testified that the mother had been the subject of six prior indicated reports pertaining to her other four children, one of whom had also been removed from her care due to drug use during pregnancy. Although the mother had agreed to participate in inpatient substance abuse treatment after the removal of that child, according to Santiago, she only attended a program for a few days before leaving against medical advice. As for whether the mother had engaged in substance abuse treatment during her pregnancy with the subject child, the mother had "not made [Santiago] aware of" that fact, but she did sign a release for outpatient substance abuse treatment as of their initial meeting on the underlying neglect petition.
On this record, there is a sound and substantial basis to support the neglect finding. While proof of a positive toxicology report for a controlled substance does not, by itself, establish that a child has been "physically, mentally, or emotionally impaired, or is in imminent danger of being impaired," the surrounding circumstances establish that the child was at imminent risk of harm (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]). The mother's use of drugs during her pregnancy, despite the prior removal of another child under similar circumstances, evinced a lack of understanding about the significance of her conduct. Her failure to take this issue seriously is further demonstrated by her refusal to acknowledge using opioids during the subject pregnancy despite medical evidence to the contrary. This proof, coupled with the mother's failure to meaningfully engage in substance abuse treatment, provides a sufficient basis to conclude that the subject child was at imminent risk of harm due to the mother's failure to exercise a minimum degree of care (see id.; Matter of John QQ., 19 AD3d at 756). Having failed to object at the hearing, the mother's present argument that Family Court improperly considered postpetition evidence at the hearing has not been preserved for our consideration (see Matter of Darren HH. [Amber HH.], 68 AD3d 1197, 1198 [3d Dept 2009], lv denied 14 NY3d 703 [2010]).
The mother's challenge to the October 2022 permanency order is also unavailing. As a threshold matter, we reject petitioner's argument that the mother's appeal from this order has been rendered moot by subsequent permanency planning orders. Since the October 2022 order modified the permanency goal from reunification with parent to permanent placement with the paternal grandparents, and the subsequent permanency orders merely continued this goal, the mother's appeal is not moot (see Matter of Tyler I. [Shawn I.], 219 AD3d 1097, 1098 [3d Dept 2023]; Matter of Jaylynn WW. [Justin WW.-Roxanne WW.], 202 AD3d 1394, 1396 [3d Dept 2022], lv denied 38 NY3d 907 [2022]).[FN1] Turning to the merits, " '[a]t the conclusion of a permanency hearing, Family Court has the authority to modify an existing permanency goal [*4]and must enter a disposition based upon the proof adduced and in accordance with the best interests of the children' " (Matter of Jaylynn WW. [Justin WW.-Roxanne WW.], 202 AD3d at 1396, quoting Matter of Dakota F. [Angela H.], 180 AD3d 1149, 1151 [3d Dept 2020]; see Family Ct Act § 1089 [d]). By the time of the August 15, 2022 permanency hearing, the subject child had been in the care of the paternal grandparents since her birth approximately 14 months prior. Her older siblings were also residing in this household and, according to the permanency planning report, the subject child was "thriving in her placement." The evidence further revealed that petitioner had lost contact with the mother, who had also failed to attend any of the scheduled visits with the subject child. In these circumstances, Family Court's determination that a modification of the permanency goal from reunification with parent to permanent placement with the paternal grandparents was in the child's best interests is supported by a sound and substantial basis in the record.
Egan Jr., J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: Petitioner's contention that the mother did not appeal from the October 2022 order is incorrect.