Matter of Izabela T. (Victoria T.) (2025 NY Slip Op 02835)

Matter of Izabela T. (Victoria T.)

2025 NY Slip Op 02835

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CV-24-0321
[*1]In the Matter of Izabela T. and Another, Alleged to be Permanently Neglected Children. Broome County Department of Social Services, Respondent; Victoria T., Appellant.

Calendar Date:March 25, 2025

Before:Egan Jr., J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Broome County Department of Social Services, Binghamton (Brianna Strope Vaughan of counsel), for respondent.
Natalie B. Miner, Homer, attorney for the children.

Egan Jr., J.P.
Appeal from an order of the Family Court of Broome County (Holly Levine, J.), entered January 26, 2024, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.
Respondent (hereinafter the mother) is the mother of two children (born in 2019 and 2022) who have been in petitioner's custody since 2021 and 2022, respectively. The mother was found to have neglected both children and, in April 2023, petitioner filed a permanent neglect petition alleging that she had permanently neglected the children and seeking to terminate her parental rights. The parties discussed the option of the mother executing a conditional surrender of the children to avoid a permanent neglect finding and, on the morning of December 15, 2023, counsel for petitioner advised Family Court that the mother wished to avail herself of that option. The mother refused to attend the fact-finding hearing that occurred later that day, however, and eventually appeared electronically and indicated that she wanted to instead consent to a finding of permanent neglect. Following a colloquy in which the mother admitted to the allegations in the petition and acknowledged understanding that she was consenting to a finding of permanent neglect that would result in the termination of her parental rights, Family Court determined that the mother's consent was knowing, intelligent and voluntary. Thereafter, Family Court issued an order determining that the mother had permanently neglected the children and terminating her parental rights. The mother appeals.
The mother now argues that the allocution was inadequate and that Family Court should have gone forward with the contemplated conditional surrender, but "it is well settled that no appeal lies from an order entered on consent" because the appealing party is not aggrieved by it (Matter of Fantasia Y., 45 AD3d 1215, 1216 [3d Dept 2007]; accord Matter of Vicktoriya DD. [Daniel EE.], 172 AD3d 1473, 1474 [3d Dept 2019]; see CPLR 5511; Matter of Tyler I. [Shawn I.], 219 AD3d 1097, 1099 n 6 [3d Dept 2023]; Matter of Connor S. [Joseph S.], 122 AD3d 1096, 1097 [3d Dept 2014]). The appeal must therefore be dismissed. This does not preclude the mother from challenging the provisions of the order; her remedy, however, lies in filing a motion to vacate the order before Family Court and then, if necessary, appealing from the denial of that motion (see Matter of Vicktoriya DD. [Daniel EE.], 172 AD3d at 1474; Matter of Rumpel v Powell, 129 AD3d 1344, 1345 [3d Dept 2015]; see also Matter of Brandon N. [Joseph O.], 165 AD3d 1520, 1521-1522 [3d Dept 2018]).
Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.