Matter of Jayden G. (Debra F.) (2026 NY Slip Op 00957)

Matter of Jayden G. (Debra F.)

2026 NY Slip Op 00957

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1880
[*1]In the Matter of Jayden G., a Neglected Child. Ulster County Department of Social Services, Respondent; Debra F., Appellant.

Calendar Date:January 9, 2026

Before:Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Ivy M. Schildkraut, Rock Hill, for appellant.
Ulster County Department of Social Services, Kingston (Deanna Scesny of counsel), for respondent.
Pamela J. Joern, East Chatham, attorney for the child.

Pritzker, J.
Appeal from an order of the Family Court of Ulster County (Keri Savona, J.), entered October 9, 2024, which, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, continued the placement of the subject child.
Respondent (hereinafter the grandmother) is the paternal grandmother of the subject child (born in 2010). The grandmother has raised the child since he was two months old. In October 2023, the grandmother consented to the temporary removal of the child after petitioner filed an emergency application seeking to remove the child from the grandmother's care. The child was placed with a foster family located in Ulster County. Around this same time, after the child's removal, the grandmother moved to Oswego County. Meanwhile, petitioner filed a neglect petition against the grandmother alleging, among other things, that, while she was the sole caretaker of the child, who has special needs, the grandmother tested positive for nonprescribed oxycodone and has not engaged in substance abuse treatment. Ultimately, a finding of neglect was entered on consent, the grandmother was placed under a one-year order of supervision and a one-year order of protection against her was put in place.
A permanency hearing order was entered in April 2024 which continued the permanency goal of reunifying the grandmother and the child and continued the child's placement in foster care. In June 2024, the grandmother filed a motion seeking to modify the April 2024 permanency hearing order and to have the child discharged from petitioner's care to her custody. Following a fact-finding hearing, Family Court denied the grandmother's motion and entered a permanency hearing order continuing the child's placement as well as the permanency goal of reunification. The grandmother appeals from the permanency hearing order.
The grandmother's appeal from the October 2024 permanency hearing order has been rendered moot by the issuance of two subsequent permanency hearing orders, both of which continue the child's placement and the permanency goal of reunification (see Matter of Kimberly G. [Natasha G.], 203 AD3d 1418, 1419 [3d Dept 2022]; Matter of Jihad N. [Devine. N.], 180 AD3d 1164, 1165 [3d Dept 2020]).[FN1] Under the circumstances of this case, the exception to the mootness doctrine does not apply (see Matter of Tyler I. [Shawn I.], 219 AD3d 1097, 1099 [3d Dept 2023]; Matter of Cheyeanne E. [Scott E.], 154 AD3d 1206, 1207 [3d Dept 2017]).
Clark, J.P., McShan, Powers and Corcoran, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: We also note that neither of these subsequent orders have been appealed.